IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF RUSSELL D. COLLINGS, BAR NO. 11363

No. 79801

FILED

JAN 27 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Russell D. Collings be suspended for five years based on violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.8 (conflict of interest: current clients), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 3.2 (expediting litigation), RPC 3.4 (fairness to opposing party and counsel), RPC 4.2 (communication with persons represented by counsel), RPC 8.1 (disciplinary matters), and RPC 8.4(d) (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Collings committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Collings failed to answer the complaint and a default was

20-03699

entered.[1] SCR 105(2). The record therefore establishes that Collings violated the above-referenced rules by accepting fees from clients and failing to provide legal work, failing to appear on behalf of clients, failing to communicate with clients, accepting an interest in a business in exchange for legal work, failing to respond to the State Bar's requests for information and letters of investigation, and abandoning his legal practice. In one instance, Collings' failure to appear on behalf of a client resulted in the issuance of a bench warrant against his client, which caused the client to spend several days in jail and lose his job.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Collings violated duties owed to his clients (competence, diligence, communication, conflict of interest, and safekeeping property), the legal system (expediting litigation and communications with persons represented by counsel), the profession (improper withdrawal from

---

[1]Collings initially emailed the State Bar regarding the first grievance filed against him to ask for additional time to provide the State Bar with his formal response to that grievance. He then failed to respond to any of the grievances. The complaint and the notice of intent to take a default were served on Collings through regular and certified mail at his SCR 79 address and another potential address.

representation and failing to respond to lawful requests for information by a disciplinary authority), and the public (misconduct). Collings' mental state appears to have been knowing or negligent. His misconduct harmed his clients through financial loss, loss of liberty, and loss of business opportunities. Collings' failure to cooperate in the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system.

The baseline sanction for Collings' misconduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.41 (Am. Bar Ass'n 2017) (recommending disbarment when a lawyer "abandons the practice and causes serious or potentially serious injury to a client," "knowingly fails to perform services for a client and causes serious or potentially serious injury to a client," or "engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client"). The panel found and the record supports four aggravating circumstances (substantial experience in the practice of law, multiple offenses, bad faith obstruction of the disciplinary process, and pattern of misconduct) and one mitigating circumstance (absence of prior disciplinary record). Considering all the factors and the fact it is unclear what caused Collings to abandon his practice, the recommended five-year suspension is sufficient to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney Russell D. Collings from the practice of law in Nevada for a period of five years commencing from the date of this order. Before seeking reinstatement, Collings shall pay the following in restitution: $14,130 to Erik Fuller, $2,000 to Terry and Karen Keeney, $1,200 to Danny Ray Barton, and $250 to Thomas Pulice. Collings shall complete continuing legal education courses as required during the period of his suspension. Further, Collings shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_Pickering_ , C.J.
Pickering

_Gibbons_ , J.
Gibbons

_Hardesty_ , J.
Hardesty

_Parraguirre_ , J.
Parraguirre

_Stiglich_ , J.
Stiglich

_Cadish_ , J.
Cadish

_Silver_ , J.
Silver

cc:    Chair, Southern Nevada Disciplinary Board
       Russell D. Collings
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court